IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION C. WOLFE, Jr.,

    Plaintiff,                            No. CIV S- 03-2574 LKK GGH P

   vs.

EDWARD S. ALAMEIDA, et al.,

    Defendants.                      FINDINGS AND RECOMMENDATIONS

_____/

       By concurrently filed order, the court has found some, but not all, of the defendants named in plaintiff's November 19, 2004 second amended complaint appropriate for service.

       Plaintiff has been informed twice before that the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> also <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Plaintiff's claims against defendants Aleva, Bradley and Joyce involve challenges to two prison disciplinary actions resulting in credit losses of 30 and 60 days. Second Amended Complaint (SAC), pp. 9-11, 18.  In addition to money damages, plaintiff seeks restoration of time credits.   If plaintiff seeks to restore time credits, he must proceed with a petition for writ of habeas corpus because a challenge to the validity of any confinement or to the particulars affecting duration of any confinement come within the province of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).

As to plaintiff's claim for money damages, in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 seeking damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").

Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that <u>Heck</u> applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.  <u>Edwards</u> rejected the Ninth Circuit's holding in <u>Gotcher v. Wood</u>, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by <u>Heck</u>.  Plaintiff has not demonstrated that the findings and judgment of the prison disciplinary hearings at issue have been overturned or invalidated.  These defendants should be dismissed from this action.

As to defendant Suzanne Smith, whom plaintiff claims wrongly deposited "a company check" into the California Department of Corrections account, when plaintiff had endorsed payment to a specific party, plaintiff fails to state a claim.  SAC, pp. 11-12.  Plaintiff claims that defendant Smith "illegally" overrode his effort to pay a certain unidentified party by invoking a power of attorney "CDC alleged to have illegally obtained."  SAC, p. 11.

\\\\\

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized since he asserts that defendant's actions were illegal and that CDC alleged obtaining a power of attorney "illegally," nor has he alleged any facts which suggest that the deprivation was more than temporary. For these reasons, plaintiff's allegations against defendant Smith should be dismissed.

Plaintiff has had three opportunities to file cognizable claims as to these defendants and has failed to do so. Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). It is the finding of this court that once again granting plaintiff leave to amend would constitute an exercise in futility.

IT IS HEREBY RECOMMENDED that defendants Aleva, Bradley, Joyce and Smith be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written

1  objections with the court.  Such a document should be captioned "Objections to Magistrate
2  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
3  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
4  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:   6/14/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wolf2574.fr