IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION C. WOLFE, JR.,

        Plaintiff,                              No. CIV S-03-2574 LKK GGH P

   vs.

EDWARD S. ALAMEIDA, et al.,

        Defendants.                     ORDER

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) defendants' motion to strike the second amended complaint, filed on September 26, 2005; 2) plaintiff's motion for a temporary restraining order (TRO), filed on December 13, 2005; and 3) plaintiff's January 18, 2006, motion for extension of time to obtain the identity of an individual, which the court construes as a motion for court intervention, with regard to an unidentified person whom plaintiff apparently wishes to name as an additional defendant, which request will be denied as lacking an adequate foundation.

Second Amended Complaint

        This action is proceeding upon a second amended complaint, filed on November 19, 2004, against the following defendants: Jeanne S. Woodford; Edward S. Alameida; Deuel

Vocational Institute employees: Claude E. Finn; S.R. Moore; B.Simon; S. Schlatter; Bobby Jones; J. Anotiada; R.D. McElmore; Facio; CSP-Old Folsom employees: Mike Knowles; Diana K. Butler; Michael D. Bunnell; James T. Blair; Douglas C. Peterson; Tami Falconer.  Several defendants were dismissed by <u>Order</u> filed on September 20, 2005.

Plaintiff alleges violations of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments, claiming defendants, inter alia, infected him with Hepatitis C and herpes when he was given what was purported to be a flu shot, denied him access to the courts, and retaliated against him for filing grievances.

<u>Motion to Strike</u>

Defendants bring their motion to strike, pursuant to Fed. R. Civ. P. 12(f), the second amended complaint on the ground that, under Local Rule 15-220, plaintiff is required to include all of his allegations within the body of his complaint without reference to prior filings. Defendants complain that plaintiff makes many vague and conclusory allegations that are factually unsupported and that he makes numerous references to exhibits within the second amended complaint that are not attached thereto.  MTS, p. 5.  Defendants contend that they are unable to understand and respond to the allegations without reference to the exhibits plaintiff references.  One of the examples defendants cite is the following:

> On another note, **DEFENDANT SCHLATTER'S** personal notes (Ex. @ 34.0), in conjunction with Officer Reed's comment (Ex. @ 41), clearly suggest his concerns **WAS NOT** [sic] to establish deadlines, but to personally infringe on Wolfe's protected right to engage in uninhibited adjudication of my Criminal Appeal (See Ex. @ 34.0, 38.0 et al., 41.0, 42.0 and 54.0 et seq.

MTS, p. 5, quoting SAC, p. 6.

Fed. Rule 12(f) states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading an insufficient defense

1  or any redundant, immaterial, impertinent or scandalous matter.

2  Local Rule 15-220, in relevant part, requires that, absent contrary prior approval by the court, "every pleading ...shall be...filed so that it is complete in itself without reference to the prior or superseded pleading."

Defendants protest the numerous references (as many as one hundred) to exhibits not included with the second amended complaint, contending that they are unable to frame a response without copies of the exhibits referred to in the second amended complaint.

Discussion

Plaintiff's original complaint, filed on December 16, 2003, named some eighteen defendants in a lengthy complaint, accompanied by no less than four volumes of exhibits, exhibits which were not specifically cross-referenced in the complaint itself. This court dismissed plaintiff's broad-sweeping, largely tenuous, and occasionally incoherent allegations as, inter alia, violative of Fed. R. Civ. P. 8. Plaintiff was admonished, should he choose to file an amended complaint, not to submit additional exhibits. See Order, filed on March 30, 2004, p. 7.

Nevertheless, when plaintiff filed his first amended complaint, in addition to failing to cure the defects of the original complaint, plaintiff filed three volumes of exhibits. When the first amended complaint was subsequently dismissed, the three volumes of exhibits were stricken and plaintiff was directed, in any second amended complaint, not to exceed 20 pages in length and to file no additional exhibits. See Order, filed on October 13, 2004, pp. 9-10.

In his opposition to the motion to strike, plaintiff correctly observes that he was directed by the court not to file exhibits with the second amended complaint; he also asserts that he was never directed to serve defendants with his four volumes of exhibits, and erroneously contends that his exhibits are on the internet. Because plaintiff's exhibits were docketed in the court's docket of this case only means that they were lodged in the court at the time that the original complaint was filed; they are certainly not retrievable by way of access to the court's electronic docket or the internet. In any case, plaintiff misses the point. He should not rely on

exhibits to form the factual predicate or substance of his allegations. Although, in general, a complaint may be accompanied by a limited number of specific relevant exhibits that support a factual allegation made within a complaint, in this case plaintiff initially filed voluminous exhibits, apparently intending for the court to cull through them to assist him in framing his allegations. By prohibiting plaintiff from filing further exhibits with his second amended complaint, it was intended that plaintiff set forth allegations with sufficient specificity that defendants could frame a response without resorting to three or four volumes of exhibits which plaintiff had filed with his original complaint. Although the court directed service of the second amended complaint upon some of the defendants, defendants' point is well-taken that plaintiff relies too heavily on exhibits, particularly, since the court directed plaintiff to file no further exhibits.

Plaintiff may make appropriate use of his exhibits, should his case proceed so far, for example, in an opposition to any dispositive motion defendants might make; however, in order to proceed in this action, plaintiff must set forth his allegations plainly within the complaint and without referring to previously filed exhibits. Defendants' motion will be granted; the second amended complaint will be stricken/dismissed, and plaintiff will be granted leave to file a third amended complaint, without reference to exhibits, and without filing additional exhibits. The third amended complaint, if filed, must not exceed 20 pages in length; the allegations of the complaint must be such that defendants are put on adequate notice as to the claims against them. Fed. R. Civ. P. 8.

<u>TRO Motion</u>

Plaintiff asks this court to direct defendants to transfer from CSP-Solano four boxes of his legal materials, related to this case, which are retained at Old Folsom State Prison, following his transfer. He also asks that defendant Woodford be enjoined from engaging in the practice of refusing to mail plaintiff's legal mail when it exceeds the cost of a first class postage stamp (i.e., five pages) to, inter alia, lawyers registered with the California State Bar; the

Sacramento County Sheriff; any organization which is a legal entity; to pro se opposing parties, so long as plaintiff is indigent, in the custody of CDC (now CDCR) and a party to a court action.

Because by this order plaintiff's second amended complaint has been stricken with leave granted for plaintiff to file a third amended complaint, plaintiff has no action pending before the court in this matter at this time; therefore, plaintiff's motion for a TRO will be stricken as inapposite.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' September 26, 2005, motion to strike the second amended complaint is granted and the second amended complaint is stricken/dismissed with leave granted for plaintiff to file a third amended complaint within 30 days, <u>consisting of no more than 20 pages and without reference to exhibits</u>; failure to comply with this order will result in a recommendation of dismissal of this action;

2. Plaintiff's putative motion for a TRO, filed December 13, 2006, is stricken; and

3. Plaintiff's January 18, 2006, motion for extension of time to obtain the identity of an individual, which the court construes as a motion for court intervention, with regard to an unidentified person whom plaintiff apparently wishes to name as an additional defendant is denied.

DATED: 9/6/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wolf2574.mts+