IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION C. WOLFE, JR.,

        Plaintiff,                    No. CIV S-03-2574 LKK GGH P

    vs.

EDWARD S. ALAMEIDA, et al.,       ORDER &

        Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, evidently now a former state prisoner proceeding pro se,[1] seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to this court's order, filed on September 7, 2006, plaintiff's second amended complaint was dismissed/stricken and plaintiff was granted leave to file a third amended complaint. Plaintiff filed a third amended complaint on November 15, 2006.[2] On November 29, 2006, defendants filed a motion to strike; in the alternative, defendants ask the court to screen the third amended complaint, pursuant to 28 U.S.C. § 1915A.

\\\\\

---

[1] Plaintiff indicates he is now a parolee and his address of record appears to verify that.

[2] Plaintiff was granted an extension of time by Order, filed on October 24, 2006.

1

Background

Plaintiff's original complaint, filed on December 16, 2003, named some eighteen defendants in a lengthy complaint accompanied by no less than four volumes of exhibits, exhibits which were not specifically cross-referenced in the complaint itself. This court dismissed plaintiff's broad-sweeping, largely tenuous, and occasionally incoherent allegations as, inter alia, violative of Fed. R. Civ. P. 8. Plaintiff was admonished, should he choose to file an amended complaint, not to submit additional exhibits. See Order, filed on March 30, 2004, p. 7.

Nevertheless, upon filing his first amended complaint, plaintiff, in addition to failing to cure the defects of the original complaint, filed three volumes of exhibits. When the first amended complaint was subsequently dismissed, the three volumes of exhibits were stricken and plaintiff was directed, in any second amended complaint, not to exceed 20 pages in length and to file no additional exhibits. See Order, filed on October 13, 2004, pp. 9-10.

Upon plaintiff's filing of a second amended complaint, this court found service appropriate upon, and directed service upon some sixteen defendants, but recommended dismissal of four defendants from this action. See Orders, filed on June 15, 2005, and on July 21, 2005, and Findings and Recommendations, filed on June 14, 2005. The findings and recommendations were adopted, by Order, filed on September 20, 2005, and defendants Alleva, Bradley, Joyce and Smith were dismissed from this action. The sixteen defendants upon whom the court directed service of process included defendants Jeanne S. Woodford; Edward S. Alameida; Deuel Vocational Institute employees: Claude E. Finn; S.R. Moore; B. Simon; S. Schlatter; Bobby Jones; J. Anotiada; R.D. McElmore; Facio; CSP-Old Folsom employees: Mike Knowles; Diana K. Butler; Michael D. Bunnell; James T. Blair; Douglas C. Peterson; Tami Falconer.

Defendants brought a motion to strike the second amended complaint. Defendants' motion was granted and plaintiff was directed not to rely on exhibits to form the factual predicate or substance of his allegations in a third amended complaint, finding

defendants' point well-taken that plaintiff had relied too heavily on exhibits.  See Order, filed on September 7, 2006.

In the present motion to strike the third amended complaint, defendants assert that plaintiff has failed to rectify the defects of his second amended complaint.  The court will deny the motion to strike the entire amended allegations, at least in part because plaintiff has made an effort not to rely so extensively on his exhibits to form the predicate of those allegations, but will grant defendants motion to screen the third amended complaint.

Upon review of the third amended complaint,[3] the court finds that, albeit arguably tenuously, plaintiff states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as to the following previously served defendants: Bobby Jones; S. Schlatter; Douglas C. Peterson; R. D. McElmore; Facio; Bunnell (as to the claim of retaliation in the form of requiring repeated urine tests from plaintiff for filing grievances only).

As to, however, defendants Alameida, Finn, Moore, Simon, Falconer, Butler, Woodford, Knowles, Blair, plaintiff seeks to implicate these defendants arising primarily for actions or lack thereof deriving from their supervisory capacities and/or because of their involvement in the administrative grievance process.  Plaintiff also makes vague and conclusory allegations against these individuals of personal participation in alleged constitutional violations and of retaliation by way of their involvement, to the extent there was any, in the grievance process.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

---

[3] The court has previously set forth the standards for screening of a complaint.  See Orders, filed on March 30, 2004, and on October 13, 2004.

1  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
2  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
3  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
4  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
5  omits to perform an act which he is legally required to do that causes the deprivation of which
6  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7  Moreover, supervisory personnel are generally not liable under § 1983 for the
8  actions of their employees under a theory of respondeat superior and, therefore, when a named
9  defendant holds a supervisorial position, the causal link between him and the claimed
10 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
11 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
12 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
13 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
14 Cir. 1982).  Plaintiff's claims against defendants Alameida, Finn, Moore, Simon, regarding
15 conclusory claims of retaliation for the filing of prison grievances seeks to implicate them
16 primarily in their supervisory capacity; his claims against defendants Woodford and Knowles
17 also seek to implicate these officials for their conduct in a supervisory capacity.  These claims
18 should be dismissed as should defendants Woodford and Knowles.

19 Moreover, prisoners do not have a "separate constitutional entitlement to a
20 specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003),
21 citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the
22 failure of prison officials to properly implement, an administrative appeals process within the
23 prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th
24 Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932
25 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison]
26 grievance procedure is a procedural right only, it does not confer any substantive right upon the

inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[4] Plaintiff's due process claims against defendants Alameida, Finn, Moore, Simon, Falconer for the manner in which his inadequately described grievances were processed will be dismissed.

As to his claims of retaliation for the filing of grievances, as plaintiff has been previously informed, the Ninth Circuit treats the right to file a prison grievance as a constitutionally protected First Amendment right. Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997); see also Hines v. Gomez, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the right to utilize a prison grievance procedure is a constitutionally protected right, cited with approval in Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)); Graham v. Henderson, 89 F.3d 75 (2nd Cir. 1996) (retaliation for pursing a grievance violates the right to petition government for redress of grievances as guaranteed by the First and Fourteenth Amendments); Jones v. Coughlin, 45 F.3d 677, 679-80 (2nd Cir. 1995) (right not to be subjected to false misconduct charges as retaliation for filing prison grievance); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing disciplinary actionable if done in retaliation for filing inmate grievances); Franco v. Kelly, 854

---

[4] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

1  F.2d 584, 589 (2nd Cir. 1988) ("Intentional obstruction of a prisoner's right to seek redress of
2  grievances is precisely the sort of oppression that section 1983 is intended to remedy" (alterations
3  and citation omitted)); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988) (false disciplinary filed in
4  retaliation for complaint about food actionable).

5  In order to state a retaliation claim, a plaintiff must plead facts which suggest that
6  retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor
7  behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th
8  Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate
9  correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532).
10 Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d
11 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim,
12 because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810
13 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a
14 prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's
15 constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

16 This is not to say that a vexatious grievance filer can never be punished.
17 Vexatious litigants may be the subject of court discipline, and the undersigned would find it
18 incongruous that while the courts can punish vexatious filings, prison officials may not. Indeed,
19 the right to petition for grievances is not absolutely protected; such a right has no greater
20 protection than speech in general. Rendish v. City of Tacoma, 123 F.3d 1216 (9th Cir. 1997). In
21 the prison context, one's free speech rights are more constricted from what they would be on the
22 outside. O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S. Ct. 2400 (1987). Again, plaintiff
23 must show that the actions or omissions constituting the "retaliation" served no legitimate
24 penological goal. In this case, plaintiff has been given repeated opportunities to amend and has
25 been unsuccessful in framing colorable, adequately supported allegations of retaliation against
26 defendants Alameida, Finn, Moore, Simon, Falconer, Butler, Blair. The court will recommend

dismissal of these defendants from this action. As to defendant Bunnell, all of plaintiff's claims against this defendant should be dismissed except those alleging retaliation for the filing of grievances in the form of taking repeated urine samples from plaintiff.

As to defendant Anotiada, plaintiff sets forth no allegations in the third amended complaint and this defendant should be dismissed.

Plaintiff has generously been permitted ample leave to amend; therefore, the court will now recommend dismissal of defendants Alameida; Finn; Moore; Simon; Falconer; Butler; Woodford; Knowles; Blair; Anotiada, as well as all but one claim of retaliation against defendant Bunnell, from this action without further leave to amend. "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987).

Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). At this point, after permitting plaintiff repeated opportunities, the court can discern no manner in which plaintiff might be able to cure the defects of his allegations against the defendants for whom the undersigned recommends dismissal.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). As to the defendants for whom the court recommends dismissal, it does not appear the claims can be saved upon yet another opportunity to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' November 29, 2006, motion to strike the third amended complaint is denied; however, defendants' motion is granted on the alternative ground for the court to screen the third amended complaint;

2. Defendants Jones; Schlatter; Peterson; McElmore; Facio; and Bunnell (as to Bunnell, only as to the claim of retaliation in the form of requiring repeated urine tests from plaintiff for filing grievances), are directed to file their response to the third amended complaint within thirty days from the date of this order.

IT IS RECOMMENDED that defendants Alameida; Finn; Moore; Simon; Falconer; Butler; Blair; Knowles; Woodford; Anotiada be dismissed from this action, as well as all claims against defendant Bunnell, except the claim of subjecting plaintiff to repeated urine tests as a form of retaliation for filing grievances.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

\\\\\
\\\\\\
\\\\\\
\\\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 6/15/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

7  GGH:009
wolf2574.ofr