UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION C. WOLFE, JR.,

        Plaintiff,

    v.

EDWARD S. ALAMEIDA, et al.,

        Defendants.

    NO. CIV. S-03-2574 LKK/GGH P

    O R D E R

Plaintiff is a state prisoner proceeding pro se, bringing numerous claims under 42 U.S.C. § 1983. Defendants have moved to dismiss for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Plaintiff responds that he has exhausted remedies for some claims, and that for others, defendants interfered with plaintiff's access to appropriate procedures. In addition, for one claim, plaintiff alleges that defendants informed him that he could proceed to a third level appeal while his second level appeal was incomplete–i.e., that exhaustion of the second level appeal was unnecessary.

1

As to this final claim, the court concludes that, while prison officials' conduct can equitably estopp them from raising the affirmative defense of non-exhaustion under the PLRA, the elements necessary for estoppel are not present in this case. Therefore defendants' motion is granted as to this claim. As to all other claims, defendants' motion is granted in part and denied in part, as recommended by the magistrate.

## I.  BACKGROUND

The case was referred to a United Stats Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On August 6, 2008, the magistrate judge filed findings and recommendations which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. These findings and recommendations lay out many of the facts underlying this case, most of which are not repeated here.

Plaintiff filed an objection to the findings and recommendations, stating that in general, plaintiff's failure to exhaust should be excused because the prison administration created obstacles making exhaustion impossible.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis with respect

2

to all but one of plaintiff's claims, for which the analysis was incomplete. That exception is plaintiff's claim that defendant McLemore retaliated against him by placing him in close custody.

As the magistrate noted, plaintiff pursued his complaint about this event to the second level appeal. Magistrate's Findings and Recommendations at 12:9-10. At the second level, plaintiff failed to comply with some of the appeal procedures. Nonetheless, plaintiff was informed that he "may appeal" the decision he received to the third level. Plaintiff then attempted to appeal at the third level without correcting his second level appeal. On the third level, plaintiff's appeal was screened out because the second level appeal was incomplete.

The magistrate conceded that this situation "does present something of a conundrum, or Catch-22, for [the] plaintiff," but concluded that "being informed in rote fashion that he may proceed to the third level does not assure that his apparent failure to abide by requirements at the second level will be excused and that he will be permitted to proceed at the third level to proper exhaustion." Magistrate's Findings and Recommendations at 12:24-26.

## II. ANALYSIS

A.

The PLRA provides that no federal claim may be brought "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Courts have construed this

3

provision as an affirmative defense, the elements of which must be demonstrated by the defendant. See, e.g., Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005)(citing Brown v. Croak, 312 F.3d 109 (3rd Cir. 2002)).

Despite this requirement, numerous cases have allowed plaintiffs' suits to proceed despite not having exhausted every proscribed administrative remedy. The vast majority of these cases turn on the fact that the PLRA only requires exhaustion of those remedies that "are available;" courts in these cases concluded that some fact has caused particular administrative remedies to be unavailable to the plaintiff. As this court recently noted:

> An administrative remedy is not available, for example, if corrections officials have told the plaintiff he is unable to file a grievance or if the grievance procedures are sufficiently confusing as to lead the plaintiff to reasonably believe that he could not file a grievance. [Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005)] (citing [Brown v. Croak, 312 F.3d 109, 113 (3rd Cir. 2002)] and Giano v. Goord, 380 F.3d 670, 673-74 (2d Cir. 2004)). Although the Ninth Circuit appears not to have confronted the issue, other circuits have held that an administrative remedy is not "available" under 42 U.S.C. § 1997e if prison officials have refused to provide the plaintiff with the forms needed to pursue his grievances. See Ziemba v. Wezner, 366 F.3d 161, 163-64 (2d Cir. 2004); Mitchell v. Horn, 318 F.3d 523 (3rd Cir. 2003); Kaba v. Stepp, 458 F.3d 678, 685-86 (7th Cir. 2006); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).

Clinton v. CDCR, No.5-1600, 2007 U.S. Dist. LEXIS 72095 at *2, (E.D. Cal. Sept. 27, 2007).

What these cases share is a sense in which defendants

4

"closed the door" leading to the proscribed procedures, making them inaccessible to the plaintiffs.[1] Here, plaintiff has not alleged that the door to the second-level appeal was closed to him by the officer's statement. Nothing indicates that, had plaintiff chosen to perfect his second level appeal rather than continue to the third level, he would have been prevented from doing so. Instead, plaintiff alleges that prison officials opened another door, leading directly to the third level appeal, and invited the plaintiff to walk through. The second-level appeal remained "available" for purposes of the PLRA.[2] Nonetheless, these allegations raise the separate issue of whether the defendants are estopped from raising the defense of non-exhaustion.

B.

Whether equitable estoppel can foreclose the defense of non-exhaustion under the PLRA is almost an issue of first impression in the Ninth Circuit. Two unpublished decisions from

---

[1] Even when non-exhaustion has been excused because prisoners reasonably misinterpreted the applicable regulations, the misinterpretation was that the required procedures were unavailable, and not that they were not required. Giano v. Goord, 380 F.3d 670, 678 (2nd Cir. 2004) (prisoner's failure to "exhaust available administrative remedies before filing suit . . . was justified by his reasonable belief that [the applicable] regulations foreclosed such recourse").

[2] After Plaintiff filed his third level appeal, plaintiff apparently no longer had the option of correcting his second level appeal. However, this fact, alone, does not satisfy the exhaustion requirement of PLRA § 1997(e)(a). A prisoner cannot satisfy this requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 548 U.S. 81, 83 (2006).

5

1  this district stated that estoppel is available, although the
2  facts in those cases concerned unavailability of remedies, or
3  "door-closing," rather than a situation like the instant case.
4  Spence v. Dir. of Corr., No. 5-690, 2007 U.S. Dist. LEXIS 818,
5  *9-*10 (E.D. Cal. 2007) (findings of magistrate Mueller),
6  adopted by 2007 U.S. Dist. LEXIS 15755 (E.D. Cal.), Neighbors v.
7  Holtorf, No. 5-1339, 2007 U.S. Dist. LEXIS 828, *5-*7 (E.D. Cal.
8  2007) (same), adopted by 2007 U.S. Dist. LEXIS 22918 (E.D.
9  Cal.). One unpublished Ninth Circuit opinion assumed that the
10 defense of non-exhaustion could be estopped in a non-PLRA
11 context, before concluding that the facts in that case did not
12 support an estoppel claim. Moyle v. Golden Eagle Ins. Corp., 239
13 Fed. Appx. 362, 364 (9th Cir. 2007).
14     Turning to other circuits, the Second and Fifth Circuits
15 have held that in the PLRA context, "the affirmative defense of
16 exhaustion is subject to estoppel." Ziemba v. Wezner, 366 F.3d
17 161, 163 (2d Cir. 2004), Wendell v. Asher, 162 F.3d 887, 890
18 (5th Cir. 1998). The Third, Seventh, and Tenth Circuits have
19 explicitly refrained from deciding the issue. Hill v. Smith, 186
20 Fed. Appx. 271, 274 (3d Cir. 2006) (unpublished decision), Kaba
21 v. Stepp, 458 F.3d 678, 687 (7th Cir. 2006)(citing Lewis v.
22 Washington, 300 F.3d 829, 834 (7th Cir. 2002)), Jernigan v.
23 Stuchell, 304 F.3d 1030, 1033 (10th Cir. 2002). It appears that
24 no court has decided that estoppel is *not* available in the PLRA
25 ////
26 ////

6

exhaustion context.[3]

This court concludes that plaintiff may assert that defendants are estopped from raising the defense of non-exhaustion.

C.

In the Ninth Circuit, the general elements of estoppel are:

> (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

Watkins v. U.S. Army, 875 F.2d 699, 709 (9th Cir. 1989) (en banc). See also Morgan v. Gonzales, 495 F.3d 1084, 1092 (9th Cir. 2007). In addition, a party seeking to estopp the government must show (a) "affirmative misconduct going beyond mere negligence," (b) that "the government's wrongful act will cause a serious injustice," and (c) that "the public's interest will not suffer undue damage by imposition of the liability." Morgan, 495 F.3d at 1092 (quoting Watkins, 875 F.2d at 707).[4]

---

[3] Although Woodford v. Ngo, 548 U.S. 81 (2006) overturned some PLRA precedent, that case did not question the holding that § 1997e(a) provides an affirmative, waivable defense, and therefore should not impact these decisions on estoppel.

[4] Although most cases discuss these requirements in the context of the federal government, they have been applied to states as well. Hanley v. Donovan, 734 F.2d 473, 476 (9th Cir. 1984) (suit against the California Employment Development Department). The rationale for the heightened requirement applies equally to both: "It is not a happy occasion when the Government's hands, performing duties in behalf of the public, are tied by the acts and conduct of particular officials in their relations with particular

7

In this case, plaintiff has not shown that the government engaged in affirmative misconduct in telling plaintiff that he could appeal to the third level. There is no clear standard for affirmative misconduct. However, while "it does not require that the government intend to mislead a party," id., numerous cases have held that mere incorrect or erroneous statements are insufficient. "A simple misstatement is not affirmative misconduct. The fact that the incorrect information is given orally makes it even less likely to rise to the level of affirmative misconduct." Rider v. United States Postal Service, 862 F.2d 239, 241 (9th Cir. 1988). See also Montana v. Kennedy, 366 U.S. 308, 314-15 (1961) (government official's erroneous statement that petitioner's mother could not return to United States because she was pregnant "falls far short of misconduct such as might prevent the United States from relying on petitioner's foreign birth."); Schweiker v. Hansen, 450 U.S. 785, 788-90 (1981) (no estoppel from Social Security Administration representative's erroneous statement that plaintiff not entitled to benefits); Marsh v. Taylor, 925 F.2d 1131, 1133 (9th Cir. 1991) (acting on mistaken belief that sentence parolable "does not reach the level of government misconduct" necessary to support an estoppel claim).

---

individuals." Lavin v. Marsh, 644 F.2d 1378, 1383 (9th Cir. 1981) (quoting Schuster v. Commissioner, 312 F.2d 311, 317 (9th Cir. 1962)).

1  Conversely, when the government has been estopped, it was
2  because of misconduct that rose to a more serious level. The
3  Ninth Circuit has found affirmative misconduct where the Army
4  affirmatively misrepresented to homosexual plaintiff over a
5  14-year period that he was qualified for reenlistment despite an
6  ongoing policy that homosexuality constituted a nonwaivable
7  disqualification for reenlistment, Watkins, 875 F.2d at 706-711,
8  and where the alleged misconduct was independently found to
9  violate due plaintiff's process rights, Salgado-Diaz v.
10 Ashcroft, 395 F.3d 1158, 1162, 1166 (9th Cir. 2005). See also
11 Winter v. United States, 93 Fed. Appx. 145, 146 (9th Cir. 2004)
12     Here, the record does not establish that when plaintiff was
13 told he could appeal to the third level this was more than a
14 casual misstatement. Because defendants' statement does not rise
15 to the level of affirmative misconduct, it does not estopp
16 defendants from raising the defense of non-exhaustion of
17 administrative remedies. Because plaintiff failed to properly
18 exhaust his second level appeal in his claim that defendant
19 McLemore retailed against plaintiff by placing him in close
20 custody, this claim is dismissed.

### III. CONCLUSION

22     Accordingly, IT IS HEREBY ORDERED that:
23     1. Except as to the analysis of exhaustion of the claim
24 described in paragraph 2(b) below, the findings and
25 recommendations filed August 6, 2008 are adopted in full;
26     2. Defendants' motion to dismiss for failure to exhaust

9

1  administrative remedies, filed on September 11, 2007 (Docket
2  #81) is granted, as follows:
3      a) Defendant Schlatter, Peterson and Bunnel are dismissed
4  from this action; and
5      b) The court dismisses plaintiff's claims against defendant
6  McLemore alleging that he retaliated against plaintiff by
7  placing plaintiff in a close custody unit in January, 2002 and
8  later in D-wing with a documented gang member; and
9      c) Plaintiff's claims of conspiracy against defendant Jones
10 for allegedly infecting plaintiff with viruses by way of flu
11 shot are dismissed;
12     3. This matter shall proceed only as to plaintiff's claims
13 against defendants McLemore and Facio with respect to their
14 having allegedly deliberately housed an ill and contagious
15 cellmate with plaintiff as a form of retaliation and subjecting
16 him to the likelihood of infection, in violation of both the
17 First and Eighth Amendments, and as to defendant Jones for
18 having retaliated against plaintiff for filing grievances by
19 filing false job reports against plaintiff, resulting in
20 plaintiff's loss of a job assignment; and
21     4. The remaining defendants are directed to file an answer
22 within thirty days of this order.
23     IT IS SO ORDERED.
24     DATED: September 26, 2008.

                                    _____
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT